IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| HIGH MESA, INC., *et al.*, | ) |
| | ) Case No. 20-30602 |
| Debtors. | ) |
| | ) |
| ------------------------------------------------------------ | ) |
| | ) |
| CHRISTOPHER R. MURRAY, as Chapter 7 Trustee for the Estates of Debtors High Mesa Inc., *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Adv. Proc. No. _____ |
| KIRKLAND & ELLIS LLP, | ) |
| | ) |
| Defendant. | ) |
| ------------------------------------------------------------ | ) |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT AND/OR, IN THE ALTERNATIVE, PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548, AND 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Christopher R. Murray, solely in his capacity as the chapter 7 trustee (the "Trustee" or "Plaintiff") of the above-captioned debtors[1] (the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") against Kirkland & Ellis LLP

---

[1] The Debtors are the following entities: High Mesa, Inc., High Mesa Holdings, L.P., Alta Mesa Acquisition Sub, LLC, Alta Mesa Drilling, LLC, Alta Mesa Energy, LLC, Alta Mesa GP, LLC, AM Idaho, LLC, AM Michigan, LLC, AMH Energy New Mexico, LLC, Aransas Resources, LP, ARI Development, LLC, Brayton Management GP II, LLC, Brayton Resources II, LP, Brayton Resources, LP, Buckeye Production Company, LP, Cairn Energy USA, LLC, FBB Anadarko, LLC, Galveston Bay Resources, LP, High Mesa Holdings GP, LLC, LEADS Resources, LLC, Louisiana Exploration & Acquisition LP, Louisiana Onshore Properties, LLC, Navasota Resources Ltd. LLP f/k/a Hilltop Acquisition, LLC, Nueces Resources, LP, Petro Acquisitions, LP, Petro Operating Company, LP, Sundance Acquisition, LLC, TEA Energy Services, LLC, Texas Energy Acquisitions, LP, The Meridian Production, LLC, The Meridian Resource and Exploration, LLC, The Meridian Resource, LLC, Virginia Oil and Gas, LLC, High Mesa Services, LLC and HMS Kingfisher Holdco, LLC.

("Kirkland & Ellis" or "Defendant") to avoid and recover preferential transfers, and/or Transfers, and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff hereby alleges as follows:

## I.   NATURE OF THE CASE

1. This action is commenced pursuant 11 U.S.C. §§ 544, 547, 548 and 550 to avoid and recover from Defendant preferential and/or Transfers made by High Mesa Holdings, LP ("HMH" or the "Transferor Debtor") to the Defendant during the ninety-day period prior to the commencement of the Debtors' bankruptcy cases (the "Preference Period").

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled by the Debtors for Defendant. Plaintiff does not waive but hereby reserves all rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(d) through (j) of the Bankruptcy Code.

## II.   JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

5. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a). This adversary proceeding is related to the jointly administered Chapter 7 bankruptcy cases that are pending in this district as case number 20-30602.

6. The statutory predicates for the relief sought herein are sections 502, 544, 547, 548 and 550 of title 11 of United States Code (the "Bankruptcy Code") and Rules 3007 and

7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III.   PROCEDURAL BACKGROUND

7. On January 24, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division and the Trustee was duly appointed.

8. On January 30, 2020, the Court entered an order approving joint administration of the bankruptcy cases (the "Bankruptcy Cases").

9. The section 341 meeting of the creditors was held and concluded on March 3, 2020.

### IV.   THE PARTIES

10. Plaintiff Christopher R. Murray is the duly appointed Trustee for the Debtors' bankruptcy estates. Plaintiff maintains an office at Jones Murray & Beatty LLP, 4119 Montrose, Suite 230, Houston, TX 77006.

11. Defendant Kirkland & Ellis LLP is an Illinois Partnership with its principal place of business at 300 North LaSalle Street, Chicago, IL 60654. Kirkland & Ellis may be served through its registered agent, National Registered Agents, Inc., pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(3) by mailing a copy of the summons and complaint to 208 South LaSalle Street, Suite 814, Chicago, IL 60604-1101.

12. On information and belief, Kirkland & Ellis represented Bayou City Energy ("BCE"), an HMH shareholder, in various matters but has never acted as counsel for any of the Debtors.

### V.   FACTUAL BACKGROUND

13. Prior to the Petition Date, the Debtors were generally engaged in the acquisition, development and operation of oil and gas leases and facilities in numerous states, including Idaho,

3

Texas, Louisiana and Florida.

14. Prior to the Petition Date, the Debtors maintained business relationships with various business entities, including manufacturers, suppliers, distributors, landlords, and professional service firms, and regularly purchased, sold, received and/or delivered goods and services in support of their operations.

15. On information and belief, by the end of the summer of 2019, Debtors needed additional liquidity to continue operations and were unable to pay debts as they came due. For example, on August 26, 2019, Danos, LLC, the operator and monitor of Debtor well sites across the country, sent Debtors an email threatening to "withdraw [its] staff from the facilities" on Wednesday August 28, 2019, if it didn't receive a minimum payment of $200,000 from the Debtors by noon that same day.

16. Certain insiders[2] agreed to provide rescue financing to Debtors of up to $2,244,100.00. To that end, Debtor High Mesa, Inc. ("HMI" or "Borrower") and Payees executed the Promissory Note (the "Note"), dated September 12, 2019. The Note included a requirement for Borrower to pay "…costs and expenses, including reasonable attorneys' fees…in connection with (i) preparation and negotiation of the Loan Documents…not to exceed $50,000…"[3] See **Exhibit A**.

17. Additionally, the Note contains a section titled "Grant of Security Interests," requiring Borrower and each of is subsidiaries (all Debtors) to pledge equity interests to the Payees as security for Borrower's obligations under the Note. See **Exhibit A**, Section 5(a).

18. During the Preference Period, Debtors continued to operate their business affairs, including the transfer of cash and other property, either by checks, wire transfers, ACH transfers,

---

[2] The Promissory Note holders ("Payees") were BCE-MESA Holdings LLC, BCE-AMH LLC, Michael Ellis, and Chappy Energy, LLC.
[3] Exhibit A, Section 11(a).

or otherwise, to various entities.

19. On or about September 20, 2019, Bayou City Energy received invoice no. 1250003617 from Defendant for legal services provided to BCE through September 17, 2019. The list of services included a line item titled "HMI Rescue Financing – Bill to HMI" in the amount of $108,737.50. Defendant later forwarded invoice No. 1250003617 to Debtors for reimbursement of the charges related to HMI Rescue Financing. See **Exhibit B**.

20. On or about October 29, 2019, HMH made a payment in the amount of $50,000.00 to Defendant (the "First Transfer"). The First Transfer was by wire from HMH's bank account as payment for legal services related to the Note, described as "Legal Retainer." *See* **Exhibit C**.

21. On or about December 26, 2019, HMH made a payment in the amount of $58,737.50 to Defendant (the "Second Transfer"). The Second Transfer was by wire from HMH's bank account as payment of the remaining balance for legal services related to HMI Rescue Financing, reflected on the invoice No. 1250003617.[4] See **Exhibit D**.

22. The Second Transfer was made from the proceeds of the sale of certain assets by Debtors AM Idaho, LLC ("AM Idaho") and High Mesa Services, LLC ("HMS"). The assets were transferred to the buyer free and clear from the liens created by the Note. See **Exhibit E**.

23. Plaintiff is seeking to avoid the First Transfer and the Second Transfer (collectively, the "Transfers") made by the Transferor Debtor to Defendant during the Preference Period.

24. On or about August 31, 2021, the Trustee, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the transfers. The Demand Letter requested that if Defendant had evidence to support any affirmative defenses, it provide this

---

[4] The wire payment report notes next to Originator Information: "Idaho Sale and partial lien release." Also see Exhibit E (BCE letter to HMI, dated December 24, 2019 regarding Partial Release of Lien).

5

evidence so the Trustee could review the same. Additionally, the Trustee performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

25. Based upon the review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing his own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfers, the Trustee has determined that it may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

26. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors, as well as transfers of interests of the Debtors in property, to or for the benefit of Defendant or any other transferee.

## VI.   CLAIMS FOR RELIEF

### COUNT 1: AVOIDANCE AND RECOVERY OF TRANSFERS
### Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550

27. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

28. Plaintiff seeks to avoid the Transfers and recover the value of each transfer from any initial, immediate, and/or mediate transferees.

29. Each of the Transfers occurred within two years of the Petition Date.

30. Each of the Transfers was made from funds in HMH's bank account and was a transfer of property, or of an interest in property, of HMH to and/or for the benefit of Defendant.

31. Each Fraudulent Transfer was a "transfer" within the definition of 11 U.S.C. § 101(54)(D)(i) or (ii).

32. As more particularly set forth above, HMH did not receive reasonably equivalent

value in exchange for the Transfers. Defendant did not provide legal services to HMH and/or the Transfers were on account of debt or debts incurred by an entity other than the Transferor Debtor but paid for by the Transferor Debtor, such that the Transfers were fraudulent conveyances.

33. As more particularly set forth above, the Transfers were made at a time when the Debtors were insolvent (or rendered insolvent as a result of the Transfers), had unreasonably small capital, and/or had incurred (or intended to incur) debts beyond their ability to pay as such debts matured.

34. Accordingly, the Transfers constitute avoidable Transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

35. As more particularly set forth above, Defendant was the initial transferee of the Transfers, or the party for whose benefit the Transfers were made, or, alternatively, the immediate or mediate transferee of such initial transferee.

36. Accordingly, the Trustee is entitled to recover the Transfers or their value pursuant to Section 550 of the Bankruptcy Code.

### COUNT 2: AVOIDANCE AND RECOVERY OF TRANSFERS
**Pursuant to Texas Business and Commerce Code §§ 24.005(a)(2) and 24.006(a) and 11 U.S.C. §§ 544 and 550**

37. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

38. At all times material hereto, the Debtors had at least one creditor prior to making each of the Transfers.

39. Each of the Transfers was made from funds in HMH's bank account and was a transfer of property, or of an interest in property, of HMH to and/or for the benefit of Defendant.

40. The Transfers were made during the Preference Period.

41. As more particularly set forth above, the Debtors did not receive reasonably

7

equivalent value in exchange for the Transfers. Defendant did not provide legal services to HMH and/or the Transfers were on account of debt or debts incurred by an entity other than the Transferor Debtor but paid for by the Transferor Debtor, such that the Transfers were fraudulent conveyances.

42. As more particularly set forth above, the Transfers were made at a time when the Debtors were insolvent (or rendered insolvent as a result of the Transfers) and were generally not paying their debts as they came due as a result of liquidity problems and working capital deficits plaguing the Debtors.

43. Accordingly, the Transfers are voidable under Sections 24.005(a)(2) and 24.006(a) of the Texas Business and Commerce Code and Section 544 of the Bankruptcy Code.

44. As more particularly set forth above, Defendant was the initial transferee of the Transfers, or the party for whose benefit the Transfers were made, or, alternatively, the immediate or mediate transferee of such initial transferee.

45. Accordingly, the Trustee is entitled to recover the Transfers or their value pursuant to Section 550 of the Bankruptcy Code.

## COUNT 3: UNJUST ENRICHMENT

46. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

47. The Transfers described above conferred a benefit on the Defendant, and Defendant unjustly retained that benefit at the expense of HMH's estate.

## COUNT 4: MONEY HAD AND RECEIVED

48. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

49. As a result of the Transfers made to or for the benefit of Defendant, Defendant

received funds belonging to the Debtors totaling $108,737.50.

50. Defendant is believed to be in possession of these monies which belong to HMH's estate in equity and good conscience.

51. Accordingly, Defendant should be required to pay the Trustee an amount equal to the Transfers received by Defendant because these monies belong to HMH's estate in equity and good conscience.

### COUNT 5: AVOIDANCE AND RECOVERY OF TRANSFERS
### Pursuant to 11 U.S.C. §§ 547(b) and 550

52. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

53. In the alternative to Counts 1 and 2, to the extent the Transfers were made on account of an antecedent debt, the Trustee seeks to avoid those Transfers.

54. Each of the Transfers was made from funds in HMH's bank account and was a transfer of property, or of an interest in property, of HMH to and/or for the benefit of Defendant.

55. The Transfers were made within the Preference Period.

56. As more particularly set forth above, the Transfers were made at a time when the Debtors were insolvent (or rendered insolvent as a result of the Transfers) and were generally not paying their debts as they came due as a result of liquidity problems and working capital deficits plaguing the Debtors.

57. The Transfers enabled Defendant to receive more than it would have received (i) through this chapter 7 case; (ii) if the transfers not been made; and (iii) if payment of the debt was made pursuant to the Bankruptcy Code.

58. The Trustee has conducted reasonable due diligence in the circumstances of this case taking into account Defendant's known or reasonably knowable affirmative defenses. The Trustee has examined the Debtors' available books and records. Based on reasonable due

diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses, the Trustee has determined in his business judgment to pursue avoidance and recovery of the Transfers.

59. As more particularly set forth above, Defendant was the initial transferee of the Transfers, or the party for whose benefit the Transfers were made, or, alternatively, the immediate or mediate transferee of such initial transferee.

60. Accordingly, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code, and the Trustee is entitled to recover the Transfers or their value pursuant to Section 550 of the Bankruptcy Code.

### COUNT 6: AVOIDANCE AND RECOVERY OF TRANSFERS
#### Pursuant to Texas Business and Commerce Code §§ 24.006(b) and 11 U.S.C. §§ 544 and 550

61. The Trustee re-alleges and fully incorporates the allegations pleaded above as if fully set forth herein.

62. In the alternative to Counts 1 and 2, to the extent the Transfers were made on account of an antecedent debt, the Trustee seeks to avoid each of the Transfers pursuant to Section 24.006(b) of the Texas Business and Commerce Code:

63. Each of the Transfers was made from funds in HMH's bank account and was a transfer of property, or of an interest in property, of HMH to and/or for the benefit of Defendant.

64. The Transfers were made within one year before the Petition Date.

65. As more particularly set forth above, the Transfers were made at a time when the Debtors were insolvent (or rendered insolvent as a result of the Transfers) and were generally not paying their debts as they came due as a result of liquidity problems and working capital deficits plaguing the Debtors.

66. At all times material hereto, the Debtors had at least one creditor prior to making

the Transfers.

67. As more particularly set forth above, Defendant was the initial transferees of the Transfers, or the party for whose benefit the Transfers were made, or, alternatively, the immediate or mediate transferee of such initial transferee.

68. Accordingly, these transfers are avoidable pursuant to Section 24.006(b) of the Texas Business and Commerce Code and Section 544 of the Bankruptcy Code, and the Trustee is entitled to recover the Transfers or their value pursuant to Section 550 of the Bankruptcy Code.

### COUNT 7: AVOIDANCE AND RECOVERY OF TRANSFERS
### Disallowance of All Claims Pursuant to 11 U.S.C. § 502(b) and (j)

69. Plaintiff repeats and re-alleges each and every allegation previously set forth in this Complaint as if fully set forth herein.

70. Defendant is a transferee of transfers avoidable under sections 547 and 548 of the Bankruptcy Code (the "Avoidable Transfers"), which property is recoverable under section 550 of the Bankruptcy Code.

71. Defendant has not paid the amount of the Avoidable Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

72. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors must be disallowed until such time as Defendant pays Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

73. Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

**PRAYER FOR RELEIF**

WHEREFORE, Plaintiff Christopher R. Murray, solely in his capacity as chapter 7 Trustee of the jointly administered bankruptcy estates of the Debtors, demands judgment against the Defendant as follows:

A. Avoiding the Transfers pursuant to 11 U.S.C. §§ 544, 547(b), and 548(a);

B. Recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C. Judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code;

D. Costs and expenses, including attorneys' fees; and

E. For such other and further relief as the Court deems just and proper.

Date: December 17, 2021                                       Respectfully submitted,

DANIELS & TREDENNICK, PLLC

By: */s/ Andrea L. Kim*
    Andrea L. Kim
    Texas State Bar No. 00798327
    andrea@dtlawyers.com
    Jost M. Lunstroth
    Texas State Bar No. 24094807
    jost@dtlawyers.com
    Rebecca A. Muff
    Texas State Bar No. 24083533
    rebecca@dtlawyers.com
    6363 Woodway Dr., Suite 700
    Houston, Texas 77057
    (713) 917-0024 (Telephone)
    (713) 917-0026 (Facsimile)

**COUNSEL FOR CHAPTER 7 TRUSTEE CHRISTOPHER R. MURRAY**